**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**PULTE HOMES, INC.,**

   **Plaintiff/Counter-Defendant,**      **CIVIL ACTION NO. 09-CV-11616**

   **vs.**      **DISTRICT MARIANNE O. BATTANI**

**AMERICAN GUARANTEE,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**AND LIABILITY INSURANCE**
**COMPANY,**

   **Defendant/Counter-Plaintiff.**
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY TO PRODUCE DOCUMENTS RESPONSIVE TO ALAN GRAY SUBPOENA (DOCKET NO. 43) AND DENYING DEFENDANT AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY'S COUNTER-MOTION FOR PROTECTIVE ORDER (DOCKET NO. 46)**

These matters come before the Court on two motions. The first motion is Plaintiff's Motion To Compel American Guarantee And Liability Insurance Company to Produce Documents Responsive To Alan Gray Subpoena filed on August 30, 2010. (Docket no. 43). Defendant filed a Response in Opposition on September 16, 2010. (Docket no. 47, 48). The second motion is Defendant American Guarantee And Liability Insurance Company's Counter-Motion For Protective Order and Supporting Brief filed on September 16, 2010. (Docket no. 46). Plaintiff filed a Response In Opposition on September 30, 2010. (Docket no. 51). Defendant filed a Reply on October 14, 2010. (Docket no. 57). These matters were referred to the undersigned for hearing and determination pursuant to 28 U.S.C. 636(b)(1)(A). (Docket nos. 44, 49). The Court dispenses with oral argument on these matters pursuant to E.D. Mich. Local Rule 7.1(f). The matters are ready for ruling.

These matters arise from a subpoena served by Plaintiff Pulte Homes, Inc. on non-party Alan Gray of Affiliated Alan Gray Companies on July 13, 2010. (Docket no. 43-8). The subpoena was issued by the United States District Court for the District of Massachusetts and commanded Mr. Gray's appearance for deposition in Boston, Massachusetts on August 12, 2010. The deposition also commanded Mr. Gray to produce and permit inspection and copying of documents enumerated on Exhibit A, on August 3, 2010 in Philadelphia, Pennsylvania. (Docket no. 43-8). Mr Gray is not a party to this action, he is not an officer of either party and he is now represented by Defendant's counsel.

Despite the caption on Plaintiff's motion, which addresses Defendant, Plaintiff seeks to compel Defendant and/or Mr. Gray to produce documents pursuant to the subpoena. In summary, Plaintiff argues that objections to the subpoena are untimely and claims of privilege are not valid. Plaintiff also seeks an order regarding whether Mr. Gray's communications are subject to the attorney-client privilege. Defendant moves for a protective order regarding allegedly privileged documents and testimony which the subpoena seeks. Defendant states in a footnote in its motion for Protective Order that the motion is brought on behalf of Mr. Gray "to the extent necessary." (Docket no. 46).

Rule 45, Fed. R. Civ. P., provides that if an objection is made to a subpoena, "the serving party may move the *issuing* court for an order compelling production or inspection." Fed. R. Civ. P. 45(c)(2)(b)(i). Rule 45 also provides that quashing or modifying a subpoena is within the authority of the *issuing* court[1]. Fed. R. Civ. P. 45(3)(A), (B). "A nonparty subpoenaed to produce documents may invoke the protections of Rule 26(b)(3) pursuant to Rule 45(c)(3)(A)(iii), (d)(2)."

---

[1] *See also* David D. Siegel, Practice Commentaries C45-21 (Westlaw) ("The motion to compel supplied by paragraph (2)(B) of subdivision (c) should, like the motion to quash or modify set forth in paragraph (3)(A), be made to the court from which the subpoena issued." C45-21).

*See Sawgrass Systems, Inc. v. BASF Aktiengesellschaft*, 1999 WL 358681 *3 (E.D. Mich. Feb. 26, 1999). The parties' and Mr. Gray's discovery disputes related to the subpoena must be decided by the issuing court[2]. *See Highland Tank and Manufacturing Co. v. P.S. Intern, Inc.*, 227 F.R.D. 374, 381 (W.D. Pa. 2005).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Compel American Guarantee And Liability Insurance Company To Produce Documents Responsive To Alan Gray Subpoena (docket no. 43) is DENIED. Fed. R. Civ. P. 45.

**IT IS FURTHER ORDERED** that American Guarantee And Liability Insurance Company's Counter-Motion For Protective Order and Supporting Brief (docket no. 46) is DENIED.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: December 16, 2010           s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

---

[2]The Court notes that the "Notice of Oral Deposition of Alan Gray" which Plaintiff served on August 3, 2010 and bearing the caption of this Court is not a subpoena pursuant to Fed. R. Civ. P. 45 and does not address the privileged documents at issue in both motions (the parties disagree as to whether the notice addresses the documents), nor does it change the jurisdiction of this Court. (Docket no. 43-12).

**PROOF OF SERVICE**

  I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: December 16, 2010    s/ Lisa C. Bartlett
              Case Manager