UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PULTE HOMES, INC.,**

    **Plaintiff/Counter-Defendant,**     CIVIL ACTION NO. 09-CV-11616

    **vs.**     DISTRICT JUDGE MARIANNE O. BATTANI

**AMERICAN GUARANTEE**     MAGISTRATE JUDGE MONA K. MAJZOUB
**AND LIABILITY INSURANCE**
**COMPANY,**

    **Defendant/Counter-Plaintiff.**
_____/

### ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SANCTIONS (DOCKET NO. 90), DENYING DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH COURT ORDER (DOCKET NO. 94), AND DENYING PLAINTIFF'S MOTION TO STRIKE (DOCKET NO. 103)

This case comes before the Court on three motions. The first motion is Plaintiff's Motion for Sanctions Against Defendant for Failing to Comply with a Court Order. (Docket no. 90). Defendant filed a response. (Docket no. 95). Plaintiff filed a reply. (Docket no. 102). Defendant also filed an objection to exhibits 5 and 9 of Plaintiff's Motion for Sanctions, and Plaintiff filed a response to that objection. (Docket nos. 96, 107).

The second motion is Defendant's Motion to Compel Plaintiff's Compliance with a Court Order. (Docket no. 94). Plaintiff filed a response. (Docket no. 109). Defendant filed a reply. (Docket no. 123). The parties' filed a Joint Statement of Resolved and Unresolved Issues on May 6, 2011, stating that all issues raised in Defendant's Motion to Compel remain unresolved. (Docket no. 126).

The third motion is Plaintiff's Motion to Strike Defendant's Motion to Compel Plaintiff's

1

Compliance with a Court Order. (Docket no. 103). Defendant filed a response. (Docket no. 113). Plaintiff filed a reply. (Docket no. 124). The motions have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 92, 97, 105). The Court heard oral argument on the motions on August 23, 2011. The motions are now ready for ruling.

The parties exchanged their first sets of discovery requests in April 2010, and served written responses, objections, and supplemental answers to those requests. Subsequently, the parties filed separate Motions to Compel Discovery, which were scheduled and heard at oral argument on December 20, 2010. (Docket nos. 53, 59). In January 2011 the Court ordered Defendant to amend its response to Interrogatory No. 13 to answer in full based on the information Defendant now has available, and produce full responses and all responsive documents to Requests for Production nos. 6, 9 (limited to the period from May 1, 1997 through 2001), and 27 (limited to the period from September 1, 2006 through the present). (Docket no. 73). In a separate Order the Court directed Plaintiff to serve an amended response to Defendant's Interrogatory no. 6. (Docket no. 74).

In the instant Motion for Sanctions (docket no. 90), Plaintiff argues that Defendant violated the January 2011 Order by providing a non-responsive answer to Interrogatory no. 13 and by redacting large portions of the documents it produced in response to Requests for Production nos. 6, 9, and 27. In Defendant's Motion to Compel, Defendant avers that Plaintiff violated the January 2011 Order by providing a non-responsive supplemental response to Interrogatory no. 6. Defendant also contends that it cannot fully respond to Plaintiff's Interrogatory no. 13 until Plaintiff responds to Defendant's Interrogatory no. 6.

For the reasons set forth on the record at the hearing on these motions, Defendant's Motion to Compel Plaintiff's Compliance with a Court Order (docket no. 94) is denied. The Court finds that

Plaintiff's supplemental response to Interrogatory no. 6 complies with the Court's January 2011 Order entered at docket no. 74.  Plaintiff's Motion to Strike Defendant's Motion to Compel (docket no. 103) is also denied.

With respect to Plaintiff's Motion for Sanctions (docket no. 90), the Court finds that Defendant failed to comply with the January 2011 Order by redacting documents it was ordered to produce in response to Requests for Production nos. 6, 9, and 27.  Furthermore, despite the fact that Defendant has had since December 2010 to review Plaintiff's latest document production, Defendant still has not provided Plaintiff with an adequate supplemental response to Interrogatory no. 13.

As sanctions for Defendant's noncompliance with the Court's Order, Plaintiff moves the Court to strike Defendant's sixth affirmative defense, third and fourth counterclaims, and bar Defendant from contesting Plaintiff's allocation of losses.  Plaintiff also requests an Order directing Defendant to produce unredacted copies of all documents Defendant redacted in responding to the January 2011 Order.  Finally, Plaintiff seeks an award of costs and expenses associated with filing the Motion for Sanctions.

The Court will order Defendant to produce the unredacted documents it produced in response to Requests for Production nos. 6, 9, and 27, and will grant Plaintiff's request for costs and reasonable attorney fees.  Furthermore, Plaintiff will be ordered to provide a full and complete supplemental response to Interrogatory no. 13.  The Court will deny Plaintiff's request to strike Defendant's sixth affirmative defense, third and fourth counterclaims, and to bar Defendant from contesting Plaintiff's allocation of losses.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Plaintiff's Compliance with a Court Order (docket no. 94) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendant's Motion to Compel (docket no. 103) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions (docket no. 90) is **GRANTED IN PART**.  On or before September 9, 2011 Defendant must produce unredacted copies of all documents it redacted in response to Requests for Production Nos. 6, 9 (limited to the period from May 1, 1997 through 2001), and 27 (limited to the period from September 1, 2006 through the present) as directed in the January 2011 Order at docket number 73.

**IT IS FURTHER ORDERED** that on or before September 19, 2011 Defendant must serve a full and complete supplemental response to Plaintiff's Interrogatory no. 13.

**IT IS FURTHER ORDERED** that on or before September 9, 2011 Plaintiff must submit a bill of costs detailing the reasonable expenses incurred in filing Plaintiff's Motion for Sanctions. Defendant may respond to Plaintiff's bill of costs on or before September 14, 2011.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 29, 2011         s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: August 29, 2011         s/ Lisa C. Bartlett
                               Case Manager